NO. 07-01-0307-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 21, 2002

_____

BOBBY FREDERICK BRYANT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 21ST DISTRICT COURT OF BURLESON COUNTY;

NO. 11,545; HONORABLE J. R. TOWSLEE, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Bobby Frederick Bryant appealed the trial court's decision to proceed to adjudication of the offense of burglary of a habitation after he was granted deferred adjudication as the result of a plea bargain. His punishment was assessed at ten years confinement in the Institutional Division of the Department of Criminal Justice.

Appellant's counsel has now filed a motion to withdraw, together with an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In her brief, counsel certifies that after careful examination of the record, she has concluded that appellant's appeal is without merit. Along with her brief, she has supplied a copy of her letter to appellant advising him of the filing of the brief, her conclusion that the appeal is without merit, and of his right to file a pro se brief. Appellant initially indicated he would file a pro se brief and was given an extension of time until January 7, 2002 to do so. We have not received a brief from him, nor has he attempted to get a further extension of time to make such a filing.

In considering counsel's motion to withdraw, we must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support her client's appeal, and then we must determine whether counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel certifies that she has reviewed the record both as to the question of whether the original plea of guilty was freely and voluntarily given after the necessary admonishments and as to whether there are any arguable grounds for appeal of the adjudication hearing. She concludes that appellant's plea of guilty, waiver, stipulation and judicial confession meet the statutory requirements. She also notes that appellant was informed of the consequences of a violation of his community supervision and that there is no right to appeal from a trial court's determination

2

to proceed with an adjudication of guilt. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2002). The record further indicates that a competency evaluation was performed prior to the adjudication hearing and appellant was found competent to stand trial. Although appellant entered a plea of not true to the alleged violations of his community supervision, during his testimony at that hearing, he admitted several violations of the conditions of that community supervision.

We have also made an independent examination of the record to determine whether there are any arguable grounds that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds and agree with counsel that the appeal is without merit and is frivolous. *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App. 1974).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

John T. Boyd
Chief Justice

Do not publish.

3